# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE ESTES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-557 TIA |
| | ) | |
| LARRY ROWLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that petitioner is not entitled to relief. As a result, the petition will be dismissed.

### **Background**

Petitioner is currently serving a ten year prison sentence at Eastern Reception Diagnostic and Correctional Center. The facts of petitioner's underlying criminal case, as recited by the Missouri Court of Appeals, are as follows:

> With the help of an informant, police arranged a controlled buy of marijuana. After observing Estes approach the informant and engage in a "hand transaction," police seized marijuana from the informant.

Based on the controlled buy and other information, police obtained a search warrant for Estes' house. During the search, police found marijuana, pipes, rolling papers, a rolling paper machine, two five-gallon buckets of marijuana, a vacuum-sealed package of marijuana, a digital scale, two vacuum sealers and plastic bags for use with the sealers. In total, police discovered roughly 3.7 pounds of marijuana in Estes' residence.

Estes was charged with the class B felony of possession of a controlled substance with intent to sell more than five grams. Esetes was not charged with commission of a crime during the controlled buy.

At trial, a jury found Estes guilty as charged and the Court sentenced Estes as a persistent offender to ten years imprisonment. On direct appeal, this Court affirmed the conviction but remanded the case so that the trial court could correct the judgment to reflect conviction of a Class B felony, not a Class A felony.

Estes filed a Rule 29.15 motion and the motion court denied Estes' motion without an evidentiary appeal.

Resp. Exh. I at 2.

The Missouri Court of Appeals affirmed.

### Grounds for Relief

Petitioner's § 2254 petition asserts the following grounds for relief:

1. That counsel was ineffective for the following reasons:

    a. Failure to object to Detective Lederle's testimony about a controlled buy between a confidential informant and Petitioner as evidence of other crimes.

  b. Counsel elicited evidence about the informant's tip on cross-examination.

  c. Failure to object to the prosecutor's opening statement about the confidential informant.

  d. Failure to object to Officer Brandy's testimony about the confidential informant's tip.

  e. Failure to object to the prosecutor's closing arguments when he referred to the confidential informant's tip.

  f. Counsel adduced evidence of Petitioner' post-arrest, pre-*Miranda* silence.

2. That the state violated the Confrontation Clause by not producing the confidential informant at trial.

3. That the prosecutor removed of all of the African-Americans in the venire pool.

## Procedural Bar

Respondent argues that claims 1(f), 2 and 3 are procedurally barred because petitioner did not raise them in his appeal from the denial of his post-conviction relief motion. Resp. Answer at 2-3, 6-7. Peititioner did not file a traverse.

To avoid defaulting on a claim, thus resulting in a procedural bar, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. A Petitioner can default on a claim when he fails to present it to Missouri courts at any stage of his direct appeal or post-conviction hearings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997).

Petitioner's claim 1(f) was originally raised in Petitioner' post conviction relief motion, which was ultimately denied by the motion court–the St. Louis County Circuit Court. Resp. Exh. F at 73. Petitioner did not raise this issue in his appeal from the denial of his motion for post-conviction relief. As a result, Petitioner has defaulted claim 1(f) of the petition.

Respondent also argues that Petitioner did not present claim 2–his confrontation clause claim–to the state courts at any time. Resp. Answer at 2-3. Petitioner did not raise this issue on direct appeal; however, he did vaguely raise the issue in his post-conviction relief motion to the Missouri Court of Appeals. Resp.

4

Edh. G at 23. Petitioner couched the right to confrontation issue within his ineffective assistance of counsel claim and never presented to the state court a clear claim challenging the state for not presenting the informant. Id. As a result, Petitioner effectively defaulted on his claim two of the petition.

Respondent further argues that Petitioner defaulted on claim 3–regarding the prosecutor's removal of all African-Americans from the venire pool–thereby resulting in procedural bar due to Petitioner's failure to raise the claim on direct appeal. Resp. Answer at 2. Petitioner raised claim 3 in his motion for new trial; however, he failed to raise this claim in his direct appeal to the Missouri Court of Appeals. Resp. Ex. C at 9-10. As a result, Petitioner defaulted on claim 3 of the petition.

In cases where the state prisoner has defaulted on their federal claims in state court pursuant to independent and adequate state procedural rule, federal habeas review of claims is barred unless prisoner can demonstrate cause for default and actual prejudice as a result of alleged violation of federal law, or demonstrate that failure to consider claims will result in fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner has failed to demonstrate cause and prejudice for defaulting on his claims. As a result, claims 1(f), 2, and 3 are procedurally barred, and Petitioner is not entitled to habeas relief on these claims.

## Merits Discussion

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a

state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Claim One:** *Ineffective Assistance of Trial Counsel*

Petitioner alleges several claims of ineffective assistance of trial counsel. Petition at 4-9. To prevail on an ineffective assistance of counsel claim, petitioner must first establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 694, 700 (1984). Judicial scrutiny of counsel's performance is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987), the United States Court of Appeals for the Eighth Circuit stated that "the courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed . . . and his best judgment as to the attitudes and sympathies of the judge and jury." Furthermore, "[t]he fact that the choice made later proves to have been unsound does not require

7

a finding of ineffectiveness." Id. [I]t is not enough to complain after the fact . . . when in fact the strategy at trial may have been reasonable in the face of an unfavorable case." Id. (citing Strickland, 466 U.S. at 690); see also Shaw. v. United States, 24 F.3d 1040, 1042 (8th Cir. 1994)(trial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if they are unsuccessful); Henderson v. Norris, 118F.3d 1283, 1287-88 (8th Cir. 1997)(matters of trial strategy are presumed correct), cert. denied, 522 U.S. 1129 (1998).

Even if a petitioner shows that counsel's performance was objectively unreasonable, he must also show that the deficient performance prejudiced his defense. Winfield v. Roper, 460 F.3d 1026, 1033 (8th Cir. 2006). "This requires proving that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been more favorable to [petitioner]." Id. "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Id. (citing Wiggins v. Smith, 539 U.S. 510, 534 (2003)). "Merely showing a conceivable effect is not enough. [Petitioner] must demonstrate that there is a reasonable probability that absent counsel's inadequate representation, the jury would not have [convicted him]." Id.

Petitioner alleges multiple ineffective assistance of counsel claims for failure to object to both Detective Lederle and Bradys' testimony regarding hearsay

conversations between Lederle and the confidential informant (claims 1(a)-(e)). Petition at 4-9. These conversations were the product of a controlled buy between Detective Lederle and the informant. Petitioner argues that objections should have been raised regarding the conversations throughout the trial (i.e. prosecutor's opening statement, direct examination of both detectives, and closing argument). Id. The Missouri Court of Appeals denied the claim in it's entirety, holding that the confidential informant's statements were admissible to explain subsequent police conduct and that any objection by counsel would have been meritless. Resp. Exh. I at 3-4. This Court agrees.

Generally, statements by an out-of-court declarant to prove the truth of matter asserted are inadmissable as hearsay. Fed. R. Evid. 801. An out-of-court statement, however, is not hearsay if it is offered for the limited purpose of explaining why a police investigation was undertaken. United States v. Brown, 923 F.2d 109, 111 (8th Cir. 1991).

In this case, Detective Lederle's testimony regarding the buy between Petitioner and the confidential informant was essential in explaining why the police launched the investigation. It explained the facts that led to the controlled buy, request for warrant, securing a search warrant, and the search of Petitioner's house. Defense counsel is not ineffective for failing to raise meritless claims. Thomas v.

9

United States, 951 F.2d 902, 904 (8th Cir. 1991). Based on the utility of Detective Lederle's testimony regarding the informant's statements, an objection by Petitioner's counsel would have been non-meritorious.

Even if the objection would have been meritorious, Petitioner cannot overcome the overwhelming evidence of his guilt. Where there is overwhelming evidence of guilt, the failure to make a valid objection at trial does not constitute ineffective assistance of counsel. E.g., Irons v. Lockhart, 741 F.2d 207, 209 (8th Cir. 1984). Petitioner does not show that counsel's failure to object to the hearsay conversations between the detective and informant was deficient in a manner that prejudiced his defense. Strickland, 466 U.S. at 687, 694, 700. Additionally, Petitioner's mere assertions have failed to overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. As a result, Petitioner is not entitled to habeas relief on grounds 1(a), 1(b), 1(c) , 1(d) and 1(e). of his petition.

**Claim Two:** *Confrontation Clause*

As discussed earlier, Petitioner's confrontation clause claim is procedurally barred due to default. Assuming, in arguendo, Petitioner's claim 2 was not procedurally barred, Petitioner is still not entitled to relief because claim 2 fails on the merits.

Although the Confrontation Clause generally guarantees a defendant's right to cross-examine witnesses and expose their motivation, the right to cross-examine a witness is not without limitation, even where the subject matter is bias. U.S. v. Ragland, 555 F.3d 706, 712 (8th Cir. 2009). A confrontation violation occurs only when a defendant demonstrates that a reasonable jury might have received a significantly different impression of a witness's credibility had counsel been permitted to pursue the proposed line of cross-examination. U.S. v. Street, 548 F.3d 618, 626 (8th Cir. 2008). Additionally, the Confrontation Clause "does not bar the use of testimonial statements for the purposes other than establishing the truth of the matter asserted." Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004).

Petitioner made no attempt to demonstrate that a reasonable jury would have received a different impression of the informant's credibility had his counsel cross-examined the informant. The Missouri Court of Appeals did not err in allowing the informant's testimony, citing that the testimony was not introduced for its truth but to explain subsequent police conduct. Resp. Ex. I at 3. As a result, Petitioner is not entitled to habeas relief for claim 2 of this petition.

## Conclusion

Grounds 1(f), 2, and 3 presented in the instant petition are procedurally barred. Additionally, grounds 1(a), 1(b), 1(c), 1(d) and 1(e) of the petition fail on

11

the merits. In consequence, the Court will deny the petition. Additionally, the Court will not issue a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this  8th  day of September, 2009.


                         /s/ Terry I. Adelman
                    UNITED STATES MAGISTRATE JUDGE